UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WIESLAWA MODRZYNSKA,<br>Plaintiff,<br>-against-<br>DEBTOR DERDZIUK ZBIGNIEW; DEBTOR KURCZYNSKA IZABELA; DEBTOR DONALD TUSK; DEBTOR ANDRZEJ DOMANSKI; MATEUSZ SAKOWICZ; MELISSA BUTLER, ESQ.; DEBTOR HONOURABLE BRENDA BAILEY,<br>Defendants. | 26-CV-2866 (KMW)<br><br>ORDER OF DISMISSAL |

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action referencing "Social Security Laws and Regulations." (ECF 1 at 3.) By separate Order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF 5.) For the following reasons, the Court dismisses this action without prejudice for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed.*

*Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The following facts are drawn from the complaint.[1] Plaintiff, who resides in Poland, filed this complaint against seven Defendants, whom she describes as "debtors": Zbigniew Derdziuk and Izabela Kurczynska of the "Social Security Institute," Donald Tusk of the "Chancellory of the Prime Minister Council of Ministers," and Andrzej Domanski of the Ministry of Finance, who reside in Poland; Mateusz Sakowicz, the Consul General of the Republic of Poland who is based in New York; Melissa Butler and Doron Loewinger, attorneys in London, United Kingdom; and Brenda Bailey, the Minister of Finance in Victoria, British Columbia, Canada. (ECF 1 at 1.)

The 124-page complaint is difficult to understand, but Plaintiff appears to allege that her pension was incorrectly calculated, and that she was not provided with financial and tax statements; she alleges that Defendants committed financial misconduct, took her property, and rendered her bankrupt. (ECF 1 at 3, 5, 7, 40.) Plaintiff mailed or emailed to Defendants demands for compensation referencing the Uniform Commercial Code, which she claims were registered or recorded with the New York State Department of State. (*Id.* at 9-40.) She seems to assert that, by virtue of receiving her demands, Defendants accepted the terms of her demands and are now in breach of the agreement to pay her. Plaintiff seeks a default judgment, "summary

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

judgment," and hundreds of millions of dollars in damages. (*Id.* at 3, 40.) Many of the attachments to the complaint are in Polish. (*Id.* at 42, 51, ECF 1-2.)

## DISCUSSION

### A. Subject Matter Jurisdiction

The Court construes the complaint as asserting a state-law breach-of-contract claim brought under the Court's diversity jurisdiction, but Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction over this action.

To establish diversity jurisdiction, under, 28 U.S.C. § 1332, plaintiff must assert claims between citizens of different American States in which subjects or citizens of a foreign state are additional parties, § 1332(a)(3). Diversity jurisdiction does not exist where there are aliens on both sides of the litigation. *Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000) (citing *Int'l Shipping Co. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989)); *Moreno-Godoy v. Gallet Dreyer & Berkey, LLP*, No. 14-CV-7082 (PAE), 2015 WL 5737565, at *7 (S.D.N.Y. Sept. 30, 2015) (When a party is an alien for diversity purposes, "diversity i[s] . . . defeated if another alien party is present on the other side of the litigation.").

Plaintiff is a citizen of Poland suing other citizens of Poland, and citizens of other countries (the United Kingdom and Canada). Because Plaintiff and Defendants are aliens, the Court cannot exercise diversity jurisdiction over this action. Furthermore, even if the diversity of citizenships were sufficient, Plaintiff does not establish to a "reasonable probability" that her claims are in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See*

28 U.S.C. § 1332(a). The Court therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).[2]

### B. Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff cannot cure the defects in her complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

---

[2] As noted, Plaintiff submits documents in Polish. Although this Court's local rules do not prohibit submission of pleadings in a foreign language, "[i]t is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English." *United States v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002). Documents not in English must be accompanied by an English translation. *See, e.g. Court of Common Pleas v. Kelly*, 417 Fed. App'x 126, 128 (3d Cir. 2011). Because the Court is dismissing this action without prejudice, the Court declines to order Plaintiff to provide an English translation of any documents in Polish.

The Court further directs the Clerk of Court to mail a copy of this Order to any self-represented party who has not consented to e-service or who has not been granted e-filing privileges.

SO ORDERED.

Dated: November 18, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge